1034-2010-3272

10CV019773

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

D.W.
[REDACTED] through her parents,
Johnny and Beverly Williams, Plaintiffs
7851 W. Hustis St.
Milwaukee, WI 63223
vs.

Milwaukee Public Schools, Defendants
5225 W. Vliet St.
Milwaukee, WI
THE STATE OF WISCONSIN

FILED AND AUTHENTICATED

NOV 18 2010

JOHN BARRETT
Clerk of Circuit Court

HON. WILLIAM SOSNAY, BR. 08

CIVIL P

To each person named above as a defendant:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this summons, you must respond with a written answer, as the term is used in Chapter 80 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is (901 N. 9th St., Milwaukee, Wisconsin) and to (Johnny and Beverly Williams) whose address is (7851 W. Hustis St., Milwaukee, Wisconsin 53223). You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Date this 18th day of November, 2010

Plaintiff's signature

[Signature] 11/17/10
[Signature] 11/17/10

[Stamp: 2010 NOV 19 A 10:37 MPS HUM RES]

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

D.W.
▓▓▓▓▓▓▓▓▓▓ through her parents
Johnny and Beverly Williams, Plaintiffs

Vs.                                   COMPLAINT

The State of Wisconsin Division
of Hearings and Appeals
Due Process decision

and

Milwaukee Public Schools, Defendants

The above named plaintiff, for their cause of action against the above named defendants respectfully shows to the court that:

1. The plaintiff is a student at Rufus King high school and resides at (7851 W. Hustis St./ Milwaukee, Wisconsin 53223).

2. The State of Wisconsin Division of Hearings and Appeals is an agency of the State of Wisconsin responsible for deciding special education due process hearings.

3. Rufus King high school in the Milwaukee Public school district is the school currently attended by D.W. ▓▓▓▓▓▓▓▓▓▓ plaintiff. Milwaukee public school's address is 5225 W. Vliet St., Milwaukee, Wisconsin.

4. On November 12, 2010, in a due process proceeding, the State of Wisconsin Division Of Hearings and Appeals made certain findings and based upon such findings, made entered its decision denying the plaintiff, D.W. ▓▓▓▓▓▓▓▓▓▓, the right to attend Rufus King high school and participate in their special education program.

5. Plaintiff is aggrieved by reason of said findings and decision, and brings this action for a review of said findings and decision upon the following grounds:

    a) The due process decision denies the plaintiff, D.W. ▓▓▓▓▓▓▓▓▓▓, the right to attend the school that accepted her in the early admissions process provided by Milwaukee Public schools. D.W.'s disability and limitations were known by Rufus King high school and Milwaukee public schools when she was initially accepted during the early admission process during the fall of 2008.

    b) The special education teachers at Rufus King high school retaliated against the plaintiff, D.W. ▓▓▓▓▓▓▓▓▓▓ when parents complained about the failing grades received by student and the lack of support provided for plaintiff. Special

education teacher, Ms. Henze, and special education supervisor, Claudia Weaver, decided to place student in new school versus providing positive behavioral supports offered by parent and Disability Rights of Wisconsin to facilitate success for student. Assistive technology as an aid to assist Dominique was never suggested, offered or implemented in the IEP to help student in the classroom. Technology was suggested at the IEP meeting by the parent and was never implemented as a supplementary aid. Supplementary aids, such as oral testing was not implemented at Rufus King high school. Homework was not provided for student at Rufus King high school and daily notes were discontinued after 2-3 months of plaintiff's freshman year. Student received U's and D's for her entire freshman year and a 0.08 for the first semester of her sophomore year (this school year after Due Process filed). This is the lowest grade point average received and is a form of retaliation against a student with a disability.

c) The special education teacher, Ms. Henze and special education supervisor, Claudia Weaver, at Rufus King high school alienated and demeaned plaintiff, ▓▓▓ D.W. ▓▓▓, without consideration of plaintiff's disability and transitional periods allowed for adolescents leaving middle school and attending new setting such as a high school environment.

d) The plaintiff, D.W. ▓▓▓ is currently attending all special education classes with students who have varying disabilities. The teachers at Rufus King high school testified that assignments were designed based on the plaintiff's Individualized Education Plan, not based on the 9th grade curriculum as stated in the due process hearing decision. If this is the case, there would not be any significant difference in classes at the new placement school, Riverside high school. It was also stated in the decision that the curriculum at Riverside high school is based on grade band standards and the student will take the WAA assessment for students unable to take the WKCE, the state standardized assessment. D.W. ▓▓▓ currently takes the WAA assessment at Rufus King high school and her IEP is currently based on grade band standards. The placement decision for D.W. ▓▓▓ is not based on Free Appropriate public Education, it is based on retaliation.

Wherefore, plaintiff demands judgment that the findings and decision complained of be set side, and that plaintiff receive stay put at Rufus King high school until all phases of appeal process utilized, and for such other or further judgment, order or relief as the circumstances may warrant.

Dated this 18th day of November, 2010

Plaintiff's signature _____ 11/18/10

# Matters Listing of Previous Matters Ct/Case No

Search for: williams, dom  Search by: Matter Description (First Line)

| Matter ID | Matter Description | Area of Law | Professional | Opened Date | Status |
|---|---|---|---|---|---|
| 1034-2010-1414 | D.W. ▮ by Williams, Johnny; Williams, Beverly v. MPS | Administrative Proceedings | Susan D. Bickert | 5/21/2010 | Open |
| | Subjects: IDEA Individuals w/Disabilities Educ Act | Department of Public Instruction, State of | | LEA-10-007 | |
| | Subjects: Due Process | Department of Public Instruction, State of | | LEA-10-007 | |

Total 1

10CV013773

D.W.
~~[redacted]~~ through her parents,
Johnny and Beverly Williams, Plaintiffs
7851 W. Hustis St.
Milwaukee, WI 53223
vs.

Milwaukee Public Schools, Defendants
5225 W. Vliet St.
Milwaukee, WI
THE STATE OF WISCONSIN

HON. WILLIAM SOSNAY, BR. 08

CIVIL P

To each person named above as a defendant:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this summons, you must respond with a written answer, as the term is used in Chapter 80 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is (901 N. 9th St., Milwaukee, Wisconsin) and to (Johnny and Beverly Williams) whose address is (7851 W. Hustis St., Milwaukee, Wisconsin 53223). You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Date this 18th day of November, 2010

Plaintiff's signature

Johnny Williams 11/17/10
Beverly Williams 11/17/10

2010 NOV 19 A 10:37
MPS HUM RES

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

D.W.

████████████ through her parents
Johnny and Beverly Williams, Plaintiffs

Vs.                          COMPLAINT

The State of Wisconsin Division
of Hearings and Appeals
Due Process decision

and

Milwaukee Public Schools, Defendants

The above named plaintiff, for their cause of action against the above named defendants respectfully shows to the court that:

1. The plaintiff is a student at Rufus King high school and resides at (7851 W. Hustis St./ Milwaukee, Wisconsin 53223).

2. The State of Wisconsin Division of Hearings and Appeals is an agency of the State of Wisconsin responsible for deciding special education due process hearings.

3. Rufus King high school [D.W.] in the Milwaukee Public school district is the school currently attended by ████████████ plaintiff. Milwaukee public school's address is 5225 W. Vliet St., Milwaukee, Wisconsin. [D.W.]

4. On November 12, 2010, in a due process proceeding, the State of Wisconsin Division Of Hearings and Appeals made certain findings and based upon such findings, made entered its decision denying the plaintiff, ████████████, the right to attend Rufus King high school and participate in their special education program.

5. Plaintiff is aggrieved by reason of said findings and decision, and brings this action for a review of said findings and decision upon the following grounds: [D.W.]

   a) The due process decision denies the plaintiff, [D.W.] ████████████ the right to attend the school that accepted her in the early admissions process provided by Milwaukee Public schools. ████████'s disability and limitations were known by Rufus King high school and Milwaukee public schools when she was initially accepted during the early admission process during the fall of 2008. [D.W.]

   b) The special education teachers at Rufus King high school retaliated against the plaintiff, ████████████, when parents complained about the failing grades received by student and the lack of support provided for plaintiff. Special

education teacher, Ms. Henze, and special education supervisor, Claudia Weaver, decided to place student in new school versus providing positive behavioral supports offered by parent and Disability Rights of Wisconsin to facilitate success for student. Assistive technology as an aid to assist ▓▓▓ was never suggested, offered or implemented in the IEP to help student in the classroom. Technology was suggested at the IEP meeting by the parent and was never implemented as a supplementary aid. Supplementary aids, such as oral testing was not implemented at Rufus King high school. Homework was not provided for student at Rufus King high school and daily notes were discontinued after 2-3 months of plaintiff's freshman year. Student received U's and D's for her entire freshman year and a 0.08 for the first semester of her sophomore year (this school year after Due Process filed). This is the lowest grade point average received and is a form of retaliation against a student with a disability.

c) The special education teacher, Ms. Henze and special education supervisor, Claudia Weaver, at Rufus King high school alienated and demeaned plaintiff ▓▓▓ D.W. ▓▓▓, without consideration of plaintiff's disability and transitional periods allowed for adolescents leaving middle school and attending new setting such as a high school environment.

d) The plaintiff, D.W. ▓▓▓, is currently attending all special education classes with students who have varying disabilities. The teachers at Rufus King high school testified that assignments were designed based on the plaintiffs Individualized Education Plan, not based on the 9th grade curriculum as stated in the due process hearing decision. If this is the case, there would not be any significant difference in classes at the new placement school, Riverside high school. It was also stated in the decision that the curriculum at Riverside high school is based on grade band standards and the student will take the WAA assessment for students unable to take the WKCE, the state standardized assessment. D.W. ▓▓▓ currently takes the WAA assessment at Rufus King high school and her IEP is currently based on grade band standards. The placement decision for D.W. ▓▓▓ is not based on Free Appropriate public Education, it is based on retaliation.

Wherefore, plaintiff demands judgment that the findings and decision complained of be set side, and that plaintiff receive stay put at Rufus King high school until all phases of appeal process utilized, and for such other or further judgment, order or relief as the circumstances may warrant.

Dated this 18th day of November, 2010

Plaintiff's signature *[signatures]* 11/18/10



**MILWAUKEE**
PUBLIC SCHOOLS

CENTRAL SERVICES
HUMAN RESOURCES ROOM 124
P.O. BOX 2181
MILWAUKEE, WI 53201-2181

RETURN SERVICE REQUESTED

CITY OF MILWAUKEE
RECEIVED
'10 NOV 22 PM 1:31

OFFICE OF
CITY ATTORNEY

Mr. Grant Langley
City Attorney
Room 716
841 N. Broadway Street
Milwaukee, WI -53202

IRXMSM1 53202

PRESORTED
FIRST CLASS



Hasler

0161126519873
$00.507
Mailed From 53208
11/19/2010
US POSTAGE